IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 11-63-4 RGA |
| KELVIN L. COOK, | : | |
| Defendant. | : | |

## OPINION ON MOTION TO SUPPRESS WIRETAP EVIDENCE

The Defendant, Kelvin Cook, has filed a motion to suppress wiretap evidence. (D.I. 111). The United States has filed a response. (D.I. 170). The Defendant raises three issues.

First, Defendant argues that the wiretap applications did not contain a "full and complete statement of facts concerning all previous applications." 18 U.S.C. § 2518(1)(e). This argument is based on the fact that there was a February 15, 2011 and a February 17, 2011 application, both submitted to the same judge, both filed in the same case file, for the same phone number, and both granted. (D.I. 174 & 175). The February 15, 2011, application was not executed, because the phone company rejected doing so on the basis of the electronic serial number (ESN) of the target telephone being different from the one the target telephone was then using. Thus, two days later the Government submitted a virtually identical wiretap application, which it might very well have captioned as an "Amended Application." Instead, the Government captioned it as the "Second Application."

I reject this argument as a basis for suppressing the wiretap evidence. It is clear that nothing was kept from the issuing judge, and that the Applicant and the issuing judge both

understood it was the same application as made two days earlier. Even though the February 17th application did not have the information about the previous application in it, and the subsequent April 5th and June 7th applications did not have any information about the February 15th application, the February 15th application was known to the Court (as well as being completely inconsequential). Thus, any required omission was, at most, inadvertent, and therefore not a basis for suppression. *See, e.g., United States v. Lujan*, 936 F.2d 406, 409 (9th Cir. 1991).

Second, Defendant argues that the applications did not make "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Further, Defendant argues, the orders approving the wiretaps did not find correctly that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c).

Defendant's argument raises two sub-issues. One concerns the volume of information the Government had already obtained from confidential sources, cooperating defendants, and drug seizures. The other concerns the novel idea that the Government had to do a wiretap in two stages, limiting itself to text messages before being able to intercept voice communications.

The Government was detailed and specific in the applications about why a wiretap was necessary. I estimate that there were at least 3000 words in each of the affidavits discussing this subject. *See* D.I. 174 (pp.48-60); D.I. 175 (pp.48-60); D.I. 176 (pp.30-42); D.I. 177 (pp.40-54). It appears to me that the question of the sufficiency of the Government's application as to necessity is a question of law, and that the question of the reasonableness of the Court's conclusion as to necessity involves the exercise of discretion. *See United States v. Phillips*, 959 F.2d 1187,

1189 (3d Cir. 1992). While the sufficiency of the Government's statement may be a legal question, it is also apparent that what the Government needs to show is a "factual predicate" for its conclusion. *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997). In the various affidavits, the Government sets forth numerous investigative techniques, and explains in more than adequate detail the basis for its conclusion. Given the ambitious scope of the investigation, the Government's conclusion was perfectly reasonable, and the issuing judge's conclusion that the Government had demonstrated why a wiretap was necessary was, in my opinion, correct, and, in any event, not close to being an abuse of discretion.

On the text messages/voice communications issue, neither party cites a case. (D.I. 111, ¶ 13 and p.11; D.I. 170, pp.14-15). In order to intercept text messages or voice communications, the same standards need to be met. There is no logical reason to limit an interception to text messages (or to voice communications) or to some other subset of protected communications. Thus, I do not believe this argument carries any weight.

Third, Defendant raises a "minimization" issue. 18 U.S.C. § 2518(5). The Defendant offers nothing in support of the argument. The Defendant requests an evidentiary hearing, but from the context of his motion, it appears he would have nothing to present at such a hearing. The Government responds by suggesting the various ways in which it minimized and made a good faith effort to minimize. (D.I. 170, pp.16-17). None of this is under oath or supported by an affidavit.[1] Its primary argument is that other than saying, "minimization," Defendant has offered nothing, and that therefore the Government should win. The issue appears to thus boil down to which party has the burden of going forward with evidence. It appears that

---

[1] Some of the referenced materials are undoubtedly available in various sealed files, but have not been presented in connection with this case.

the issue has arisen before. In the absence of some specific allegations, the Defendant does not get an evidentiary hearing. *See United States v. Giacalone,* 853 F.2d 470, 482 (6th Cir. 1988).

The Government has represented that it has provided all the information necessary for the Defendant to make a showing of a failure to minimize. In an abundance of caution, the Court will allow the Defendant two weeks, until December 18, 2012, to submit any additional papers that would justify an evidentiary hearing. If the Defendant submits such papers, the Government may have three weeks to file a response. If the Defendant submits nothing, I will enter an order denying the motion to suppress.

/s/ Richard G. Andrews
United States District Judge